IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID W. LANDRY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>DEPARTMENT OF AGRICULTURE;<br>EMPLOYEES, ET AL,<br><br>Defendants. | **FILED**<br>DEC 3 0 2005<br>WILLIAM B. GUTHRIE<br>Clerk, U.S. District Court<br>By: _____<br>Deputy Clerk<br><br>Case No. CIV-04-518-WH |

## ORDER

This matter comes before the Court on Plaintiff's *pro se* motion to reopen the case [Docket #9]. The Court construes it as a motion pursuant to Fed. R. Civ. P. 60(b)(6). Plaintiff voluntarily dismissed this case shortly after it was transferred to the Eastern District of Oklahoma from the Western District of Arkansas. Plaintiff cited his mother's illness and his need to care for her as his reason for dismissal. Plaintiff comes now one year later requesting to reopen the case citing his mother's continued illness, now terminal, and a one year statute of limitations on refiling his case as his justification for the need to reopen the case.

The Tenth Circuit has stated that district courts may only grant Rule 60(b) motions in "extraordinary circumstances" and only when granting such is necessary to accomplish justice. *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993). While Plaintiff's situation with his mother is unfortunate, it does not constitute "extraordinary circumstances" in which to

reopen this case. Indeed, the Court is unsure exactly how the continuing illness of Plaintiff's mother necessitates the "reopening" of the case when that same illness previously necessitated dismissing the case. Furthermore, Plaintiff has not shown that it would offend justice to deny him relief. Reopening this case is not necessary to accomplish justice. To the contrary, it appears Plaintiff has already had several bites at the apple.* If Plaintiff wishes to bring suit once again against Defendants, the correct procedure would be to file a new suit. Nevertheless, Plaintiff should be aware of the possibility for sanctions if he continues to bring the same adjudicated issues to the Court again and again. See Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. Plaintiff's motion is DENIED.

    IT IS SO ORDERED this 30th day of December, 2005.

                                                    RONALD A. WHITE
                                                   UNITED STATES DISTRICT JUDGE

---

    *As the Western District of Arkansas pointed out, it appears that Plaintiff has already litigated this matter extensively in this Court and the Tenth Circuit. See *Landry v. Smith*, No. CIV-01-711-S (E.D. Okla. Apr. 11, 2002), *aff'd* 58 Fed. Appx. 439 (10th Cir. 2003); *Landry v. Glickman*, No. CIV-00-546-S (E.D. Okla. May 29, 2001), *aff'd Landry v. Veneman*, 36 Fed. Appx. 384 (10th Cir. May 30, 2002); *Landry v. Glickman*, No. 99-165-S (E.D. Okla. July 7, 1999), *dismissed as untimely*, No. 99-7130 (10th Cir. Feb 3, 2000); *Landry v. Cooper*, No. 97-596-S (E.D. Okla. May 4, 1998), *aff'd* 173 F.3d 863 (10th Cir. 1999).